UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TC POWER LTD.,

       Plaintiff,

vs.

Case No. 09-13330
Hon. Lawrence P. Zatkoff

GUARDIAN INDUSTRIES CORP., and
GUARDIAN ZOUJAJ INTERNATIONAL
FLOAT GLASS CO., LLC,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 19, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Guardian Industries Corp.'s motion to dismiss [dkt 7]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant Guardian Industries Corp.'s motion to dismiss [dkt 7] is DENIED.

**II. BACKGROUND**

This case involves a contractual dispute relating to TC Power Ltd.'s ("Plaintiff") obligation to properly refurbish and install an industrial gas turbine in the United Arab Emirates for Defendant

Guardian Industries Corp. ("Guardian") and Defendant Guardian Zoujaj International Float Glass Co., LLC, d/b/a Guardian RAK ("GRAK") (collectively, "Defendants"). Guardian is a Delaware corporation headquartered in Auburn Hills, Michigan. GRAK is a limited liability company located in Ras Al-Khaimah, United Arab Emirates.

In February 2008, Plaintiff entered into a contract with Guardian and GRAK for the refurbishing and installation of an industrial gas turbine in the United Arab Emirates. Guardian was intimately involved with the oversight and administration of the contract. The contract was carried out through eight purchase orders issued by Defendants to Plaintiff. Plaintiff alleges that Defendants breached the contract because Defendants failed to correct a defect in the turbine that should have been repaired before Plaintiff's work began. Plaintiff claims that this caused it to incur substantial delays and increased costs. As a result, Plaintiff seeks damages under the contract, as well as damages for delay and productivity losses.

In its motion to dismiss, Guardian contends that Plaintiff has failed to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) as to Guardian because it is not a party to the contract. In support of its motion, Guardian has attached the eight purchase orders issued to Plaintiff, which purportedly indicate that they were issued only by GRAK. Plaintiff maintains that the purchase orders may not be considered by the Court because Plaintiff did not attach them to or reference them in its amended complaint, and that even were the Court to consider the purchase orders, they are insufficient to render Plaintiff's claims implausible.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true

all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

## IV. ANALYSIS

Guardian contends that Plaintiff's claims against it fail to state claims upon which relief can be granted because the purchase orders issued to Plaintiff state "Guardian Zoujaj International Float Glass Co, LLC (Guardian RAK)" at the top of the forms, but do not include mention of Guardian Industries Corp. According to Guardian, this is conclusive evidence that Guardian is not a party to the contract with Plaintiff. Contrary to Plaintiff's assertion, Guardian maintains that it is also undisputed that Guardian is not a party to the contract. Guardian goes on to argue that GRAK is a separate corporate entity, and that Plaintiff's amended complaint fails to allege facts sufficient to

pierce the corporate veil. Furthermore, Guardian argues that as an agent of GRAK, Guardian cannot be made a party to the contract by its "oversight and administration" of the contract because an agent does not become a party to his principal's contracts merely by acting on behalf of the principal.

Accepting as true all factual allegations in Plaintiff's pleadings, and resolving all ambiguities in Plaintiff's favor, the Court finds that Guardian has failed to demonstrate that Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6). The parties dispute whether the Court may consider the purchase orders attached to Guardian's motion, but the Court need not address this issue; even were the Court to consider the purchase orders as requested by Guardian, the Court finds that they would not render Plaintiff's claims against Guardian implausible.

Plaintiff has specifically alleged in its amended complaint that Guardian is a party to the contract, that Plaintiff contracted directly with Guardian, and that Guardian was intimately involved in the oversight and administration of the contract. Guardian's only evidence to the contrary consists of the purchase orders submitted to Plaintiff, but Guardian offers no legal authority supporting its position that the captions at the top of the purchase orders are conclusive evidence that Guardian is not a party to the contract. At most, the purchase orders would render Plaintiff's allegation ambiguous, especially in light of the fact that Guardian's logo also appears at the top of the purchase orders next to GRAK's name. Since Plaintiff's factual allegations must be accepted as true, and all ambiguities must be resolved in Plaintiff's favor, the Court finds that Guardian has failed to show that Plaintiff's allegation that Guardian is a party to the contract is implausible.[1]

---

[1] Finding as such, the Court need not consider Guardian's arguments that Plaintiff has failed to allege facts sufficient to pierce the corporate veil or find Guardian liable as an agent of GRAK.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant Guardian's motion to dismiss [dkt 7] is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 19, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290